UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **ORECK CORPORATION, *ET AL.*,** | Case No. 13-04006 |
| Debtors.[1] | Judge Lundin<br>(Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO THE DEBTORS' MOTION TO EXTEND TIME TO
FILE STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this objection (the "Objection") to the *Debtors' Motion To Extend Time To File Statements of Financial Affairs And Schedules* [Docket No. 97] (the "Motion To Extend").[2] In support of this Objection, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On May 16, 2013, the Debtors filed a sale procedures motion which seeks authorization to sell substantially all of their assets, including substantially all of the equity interests of their directly-held subsidiaries and joint ventures, under a stalking horse asset purchase agreement with an insider unless the Debtors receive one or more qualified bids by

---

[1] The Debtors are as follows: Oreck Corporation, ASP Oreck, Inc., Oreck Direct, LLC, Oreck Merchandising, LLC, Oreck HomeCare, LLC, Vecteur, LLC, Oreck Holdings, LLC, Oreck Manufacturing Company, and Oreck Sales, LLC.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Motion to Extend.

99992/47
05/20/2013 25015389.1

June 28, 2013. And if an alternate qualified bid is received by June 28, then the Debtors proposed to hold an auction sale on July 8, 2013.

2. At the same time, however, through the Motion to Extend, the Debtors seek to extend the deadline to file their schedules of assets and liabilities and statement of financial affairs from May 21, 2013, as required by Fed. R. Bankr. P. 1007(c), until June 7, 2013.

3. This means that instead of having five weeks to review the schedules and statements of financial affairs, potential bidders will have at most between June 7, 2013 and June 28, 2013 before they must bid.

4. This severely limits the ability of any potential alternate bidder to truly evaluate the Debtors' assets and liabilities and participate meaningfully in the sale and auction process – especially against an insider stalking horse bidder with likely unfettered access to diligence.

5. Further, at a minimum, the limited amount of time sought to be provided between the disclosure of the Debtors' assets and liabilities and the proposed auction for the sale of substantially all of the Debtors' assets potentially creates the appearance that this bankruptcy sale process was designed to provide only the insider stalking horse bidder sufficient time to truly evaluate the Debtors' assets - and that alone could chill bidding.

6. Either the Debtors should to file their schedules of assets and liabilities sooner or the sale process timeline should to be extended to provide more time for third parties to review those schedules and to enable the Committee and others to properly determine the value of the assets the Debtors propose to sell.

7. Accordingly, the Motion to Extend should be denied and the Debtors should be compelled to file their schedules and statements of financial affairs without further delay, or alternatively, the proposed sale procedures should be modified to enable potentially interested non-insider bidders a reasonable period of time to determine and review the assets to

be sold, as well as their fair market value, as well as the universe of liabilities that might impact value and whether certain liabilities should be assumed or excluded from an offer to purchase.

## GENERAL BACKGROUND

8. On May 6, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. Since the Petition Date, the Debtors continue to operate their businesses and managed their properties as a debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No Examiner has been appointed in the Debtors' bankruptcy cases.

10. On May 16, 2013, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102. [Docket No. 103].

11. On May 17, 2013, the Committee selected Lowenstein Sandler LLP to serve as its counsel.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE OBJECTION

13. On May 16, 2013, the Debtors filed the Motion to Extend, seeking to extend, until June 7, 2013, the deadline for the filing of their schedules and statements of financial affairs. In support of the Motion to Extend, the Debtors claim they simply have not had sufficient time to complete the schedules and statements of financial affairs.

14. Nevertheless, also on May 16, 2013, the Debtors filed their *Motion Pursuant to U.S.C. §§ 363(B), (F), (K), and (M), and 365 and Fed. R. Bankr. P. 2002, 6004, to (I) Approve (A) The Sale Transaction Pursuant To The Asset Purchase Agreement with Oreck Acquisition Holding LLC, Free and Clear of Claims, Liens, Encumbrances, and Other Interests;*

*(B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) (A) Establish Sale And Bidding Procedures; and (B) Schedule a Sale Approval Hearing* (the "Sale Motion") [Docket No. 93].

15. The Sale Motion proposes to sell "substantially all of Debtors' assets, including substantially all of the equity interests of their directly-held subsidiaries" and joint ventures, for the asserted amount of $21,882,000 under an asset purchase agreement with an insider, unless a qualified bid is received by June 28, 2013. In that event, the Sale Motion proposes to schedule an auction on July 8, 2013. (Sale Motion at ¶¶ 5, 7, and proposed Sale Procedure Order [Docket No. 93-2] at ¶¶ 4 and 5).

16. Absent the prior filing of the Debtors' schedules and statements of financial affairs, however, neither the Committee nor any other non-insider interested party will be able to properly determine the propriety of the contemplated sale, including, but not limited to, the assets proposed to be sold, or the fair market value of the assets proposed to be sold.

17. Accordingly, the Motion to Extend should be denied and the Debtors should be compelled to file their schedules and statements of financial affairs without further delay, or alternatively, the proposed sale procedures should be modified and extended to enable a proper determination of the propriety of the contemplated sale and to invite more participation.

Respectfully submitted,

*/s/ Daniel H. Puryear*
Daniel H. Puryear; No. 18190
Maximilian R. Loosen; No. 27388
Puryear Law Group
102 Woodmont Boulevard
Woodmont Centre, Suite 520
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com
mloosen@puryearlawgroup.com

and

**LOWENSTEIN SANDLER LLP**

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
Kenneth A. Rosen
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
slevine@lowenstein.com
krosen@lowenstein.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to those parties specifically requesting electronic service. The following parties will be served via first class, U.S. Mail, postage prepaid:

| | |
|---|---|
| William L. Norton, III<br>Bradley Arant Boult Cummings, LLP<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | United States Trustee<br>318 Customs House<br>701 Broadway<br>Nashville, TN 37203 |

Beth R. Derrick
Assistant US Trustee
Office of United States Trustee
318 Customs House
701 Broadway
Nashville, TN 37203

on this the 20th day of May, 2013.

The parties may access this filing through the Court's electronic filing system.

*/s/ Daniel H. Puryear*
Daniel H. Puryear