# UNITED STATES BANKRUPTCY COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>ORECK CORPORATION, ET AL.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-04006<br><br>Judge Lundin<br><br>(Jointly Administered)<br><br>OBJECTION DEADLINE: June 5, 2013<br>HEARING DATE: June 11, 2013, at 9 a.m.<br>HEARING LOCATION: Courtroom 2, Second Fl,<br>Customs House, 701 Broadway, Nashville, TN 37203 |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' COMBINED RESPONSE TO THE (A) MOTION OF THE DEBTORS TO SUBSTANTIVELY CONSOLIDATE THE DEBTORS' BANKTUPTCY CASES AND (B) MOTION FOR EXPEDITED HEARING ON MOTION TO REDUCE TIME UNDER LOCAL RULE 9013-1 ON DEBTORS' MOTION TO SUBSTANTIVELY CONSOLIDATE CHAPTER 11 CASES

The official committee of unsecured creditors (the "Committee") appointed in the bankruptcy cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this combined response (the "Response") to the (a) *Motion of the Debtors to Substantively Consolidate the Debtors' Bankruptcy Cases* and [Docket No. 125] (the "Motion to Consolidate") and (b) *Motion for Expedited Hearing on Motion to Reduce Time Under Local Rule 9013-1 on Debtors' Motion to Substantively Consolidate Chapter 11 Cases* [Docket No. 126] (the "Motion to Expedite," and together with the Motion to Consolidate, the "Motions"). In support of this Response, the Committee respectfully states as follows:

---

[1] The Debtors are as follows: Oreck Corporation, ASP Oreck, Inc., Oreck Direct, LLC, Oreck Merchandising, LLC, Oreck HomeCare, LLC, Vecteur, LLC, Oreck Holdings, LLC, Oreck Manufacturing Company, and Oreck Sales, LLC.

## GENERAL BACKGROUND

1. On May 6, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No Examiner has been appointed in the Debtors' bankruptcy cases.

3. On May 16, 2013, the Debtors filed their *Motion By Debtors Pursuant to U.S.C. §§ 363(B), (F), (K), and (M), and 365 and Fed. R. Bankr. P. 2002, 6004, to (I) Approve (A) The Sale Transaction Pursuant To The Asset Purchase Agreement with Oreck Acquisition Holding LLC, Free and Clear of Claims, Liens, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) (A) Establish Sale And Bidding Procedures; and (B) Schedule a Sale Approval Hearing* [Docket No. 93] (the "Sale Motion").

4. The Sale Motion seeks entry of a sales procedure order approving certain proposed procedures to govern the proposed sale process, as well as the entry of an order approving the sale of substantially all of the Debtors' assets pursuant to a certain Asset Purchase Agreement dated May 15, 2013 between the Debtors and an insider purchaser unless the Debtors receive one or more qualified bids by June 28, 2013. And if an alternate qualified bid is received by June 28, then the Debtors proposed to hold an auction sale on July 8, 2013.

5. Also on May 16, 2013, the Debtors filed their *Motion To Extend Time To File Statements of Financial Affairs And Schedules* [Docket No. 97], which seeks to extend, until June 7, 2013, the deadline to file their schedules of assets and liabilities and statement of financial affairs.

6. The Office of the United States Trustee appointed the Committee on May 16, 2013, pursuant to 11 U.S.C. § 1102. [Docket No. 103].

7. On May 17, 2013, the Committee selected Lowenstein Sandler LLP to serve as its counsel.

8. The Debtors filed the Motions on May 18, 2013, and effectively seek to provide one business days' notice of the relief requested in the Motion to Consolidate. For the reasons set forth below, the Motions should be denied.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this Response pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE RESPONSE

10. Through the Motions, the Debtors seek to substantively consolidate their bankruptcy cases following a hearing to be held on May 21, 2013. As the Debtors acknowledge in the Motion to Consolidate, however, substantive consolidation affects the treatment of assets and liabilities of separate debtors, "*in order to effect a more equitable distribution of property amount creditors.*" (Motion to Consolidate at ¶ 6, quoting *In re Baker & Getty Fin. Serv., Inc.*, 78 B.R. 139, 141 (N.D.Ohio 1987) (emphasis added). The Committee submits that it is far too premature to make this determination, particularly since none of the Debtors have filed their schedules of assets and liabilities or statements of financial affairs, and in fact have requested that the deadline to do so be extended.

11. Indeed, the purported need for an expedited consideration of the Motion to Consolidate is the Debtors' proposed sale of substantially all of its assets. In this regard, the Debtors' assertions that, in light of the proposed sale, substantive consolidation would best serve the interests of unsecured creditors, and a proper analysis "to determine the true assets and

-3-
Case 3:13-bk-04006    Doc 150    Filed 05/20/13    Entered 05/20/13 17:05:28    Desc Main
Document    Page 3 of 5

liabilities of each specific entity would ultimately threaten the realization of assets for unsecured creditors" (Motion to Consolidate at ¶ 10(j)) is at least speculative, if not self-serving.

12. Under these circumstances, including the absence of any schedules of assets and liabilities or statements of financial affairs, and the pending Sale Motion, the Committee respectfully submits that it requires, and is entitled to more than one business days' notice of the Motion to Consolidate to properly evaluate its impact on unsecured creditors.

**RESERVATION OF RIGHTS**

13. The Committee reserves the right to revise, amend or supplement this Response at any time or at any further hearing on the Motion to Consolidate.

14. The Committee respectfully requests that the Court (i) deny the Motions; and (ii) grant the Committee such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Daniel H. Puryear*
Daniel H. Puryear; No. 18190
Maximilian R. Loosen; No. 27388
Puryear Law Group
102 Woodmont Boulevard
Woodmont Centre, Suite 520
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com
mloosen@puryearlawgroup.com

and

**LOWENSTEIN SANDLER LLP**

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
Kenneth A. Rosen, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
slevine@lowenstein.com
krosen@lowenstein.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to those parties specifically requesting electronic service. The following parties will be served via first class, U.S. Mail, postage prepaid:

William L. Norton, III
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, TN 37203

United States Trustee
318 Customs House
701 Broadway
Nashville, TN 37203

Beth R. Derrick
Assistant US Trustee
Office of United States Trustee
318 Customs House
701 Broadway
Nashville, TN 37203

on this the 20th day of May, 2013.

The parties may access this filing through the Court's electronic filing system.

*/s/ Daniel H. Puryear*
Daniel H. Puryear